Sun v. Garland

BIA
Douchy, IJ
A205 192 825

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-three.

PRESENT:
        RAYMOND J. LOHIER, JR.,
        WILLIAM J. NARDINI,
        EUNICE C. LEE,
            *Circuit Judges.*

_____

YONGCHENG SUN,
        *Petitioner,*

        v.                                          20-1567
                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York,
                         NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Ernesto H.

Molina, Jr., Deputy Director; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Yongcheng Sun, a native and citizen of the People's Republic of China, seeks review of a May 1, 2020 decision of the BIA affirming a July 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongcheng Sun,* No. A 205 192 825 (B.I.A. May 1, 2020), *aff'g* No. A 205 192 825 (Immig. Ct. N.Y.C. July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary"); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo). We deny the petition as to asylum and withholding of removal, but remand for further consideration or explanation of Sun's CAT claim.

**I.   Asylum and Withholding of Removal**

An asylum applicant has the burden to show that he suffered past persecution or has a well-founded fear of future persecution "on account of" a protected ground. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). Here, Sun sought to prove that Chinese authorities targeted him for a perceived anti-corruption political opinion. Accordingly, Sun had the burden to "provide *some* evidence, direct or circumstantial," that his persecutors were motivated by his anti-corruption beliefs. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). "A political opinion is imputed when an individual has a political opinion attributed to him—correctly or incorrectly—on account of his beliefs, actions or associations." *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (quotation marks omitted). While opposing corruption can be understood as expressing a political opinion, it does not qualify as a

protected ground for the purposes of asylum and withholding of removal when it amounts to "challeng[ing] . . . isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2005).

The agency reasonably found that Sun did not show that police or local officials targeted him because of a political opinion. Sun testified that he did not belong to any political organization, movement, or labor union in China. He further testified that he was employed by a private company and that his boss told him that he had police arrest and beat him for reporting to local government officials that the company was using subpar materials. According to Sun, his boss also told him that he had gone to school with the local public security bureau chief and paid the police to protect him from complaints like Sun's. Sun reported only one instance of corruption, not continuing issues and problems. On this record, the agency reasonably found that the police did not target Sun because of a political opinion, but rather because his boss bribed them to do so. Having failed to establish a nexus to a protected ground, Sun failed to meet

4

his burden for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

**II. CAT Relief**

To obtain CAT relief, an applicant must show that he would "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a). "Torture is an extreme form of cruel and inhuman treatment . . . specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 1208.18(a)(2), (5). The agency must consider all evidence relevant to the possibility of future torture, including evidence of past torture, the applicant's ability to relocate, and violations of human rights within the country of removal. 8 C.F.R. § 1208.16(c)(3).

Sun stated that his police beatings began in August 2011 and ended in January 2012 when he arrived in the United States. He was initially arrested and beaten until he was unconscious. After the officers released him, they required him to report to them on a weekly basis. During those reports, officers yelled at him and slapped and kicked him hard enough to cause swelling and bruising. Sun's wife and

parents told him that the police looked for him in July 2018, a month before his hearing, and that officers beat his wife when she complained about their harassment.

We remand because the decision below is unclear as to why the agency denied Sun's CAT claim. "Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis . . . if judicial review is to be meaningful." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). Here, the agency has not provided such analysis. The IJ apparently disbelieved Sun's allegation that the police continued to look for him, but still found him credible. Moreover, the IJ's statement that "there is nothing in the record to indicate that [the government] would torture" Sun does not specify whether the IJ found a lack of evidence that police would target Sun or concluded that Sun's treatment would not rise to the level of torture. Because the agency did not provide sufficient reasoning to allow for judicial review, we remand for further review of the CAT claim. *See Poradisova*, 420 F.3d at 77 ("Inadequate analysis or failure to consider important evidence . . . [is] not excused by the fact that a

hypothetical adjudicator, applying the law correctly, might also have denied the petition for asylum.") (quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED in part as to asylum and withholding of removal and GRANTED and REMANDED in part as to Sun's CAT claim.  Sun's motion for a stay of removal is DENIED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court